UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN HAMMER,<br><br>                            Plaintiffs,<br><br>v.<br><br>FEDERAL PUBLIC DEFENDER ORGANIZATION OF THE EASTERN DISTRICT OF CALIFORNIA, DOES 1-50, and UNITED STATES OF AMERICA,<br><br>                           Defendants. | Case No.: 3:16-CV-02192-BTM-NLS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

On August 30, 2016, Plaintiff Brian Hammer filed a complaint ("Complaint") against Defendants Federal Public Defender Organization of the Eastern District of California, Does 1-50 ("Federal Public Defender") and the United States of America ("United States"). Defendant United States moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF No. 11.) For the reasons discussed below, Defendant United States' motion is **GRANTED**.

## I. BACKGROUND

On or about March 31, 2003, Plaintiff was found guilty of mail and wire

fraud in the Eastern District of California, was subsequently sentenced to 36 months in prison, and ordered to pay restitution in the amount of $35,000. (ECF Nos. 1-2, Compl. ¶ 16.) However, Plaintiff contends that he should not have been required to pay any restitution because Plaintiff's father had previously settled with the victims in state court in May of 2002. Id. at ¶ 17. Plaintiff believes that the previous settlement was in "complete recompense" for his victim's losses and that the "related settlement offsets were incorrectly entered in the restitution sentencing table." (ECF No. 19, Reply in Response to Motion at 8.) Despite Plaintiff's belief, in August 2014 the U.S. Attorney's Office in the Eastern District of California sent Plaintiff a demand notice for $37,380. (Compl. ¶ 18). Plaintiff attempted three separate times to correct what he believed to be a "restitution error," but was unable to do so. Id. at ¶ 20. Plaintiff then contacted The Federal Public Defender's office seeking assistance in resolving the matter.

In February 2015, Magistrate Judge Carolyn K. Delaney appointed Defendant Federal Public Defenders to represent Plaintiff pursuant to 18 U.S.C. §3006A, and did so under Plaintiff's original case number. (Compl. at Ex. 1.) However, the Federal Public Defenders withdrew from representation four months later, claiming it could not "provide [Plaintiff] the assistance he desires." (Compl. at Ex. 2.) Plaintiff then initiated the present action against Defendants Federal Public Defender and the United States.

The core of Plaintiff's argument is Defendant Federal Public Defender negligently and incompetently represented Plaintiff in correcting the 2003 restitution order. (Compl. ¶¶ 22, 24.) Plaintiff contends that the Federal Public Defender "knowingly and willfully…failed to acknowledge their mistakes" made during the course of representation, and their actions are "in violation of their express and implied duties" pursuant to the legal services agreement and public policy. (Compl. ¶ 24.)

Both Defendants Federal Public Defender and the United States brought

separate motions to dismiss Plaintiff's Complaint.  The Court now considers United States' motion to dismiss.

## II. DISCUSSION

**A.    Standards:**

### 1. FRCP 12(b)(1) – Lack of Subject Matter Jurisdiction:

Rule 12(b)(1) provides a party may move to dismiss a complaint that "lack[s]…subject-matter jurisdiction." Fed.R.Civ.P.12(b)(1).   A Rule 12(b)(1) attack on subject matter jurisdiction "may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (quoting *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).   In a facial challenge, the movant argues that the allegations asserted in the complaint are "insufficient on their face to invoke federal jurisdiction," whereas in a factual attack, the movant challenges the truth of the allegations that "would otherwise invoke federal jurisdiction." Id. at 1039.  When the attack is facial, as it is in the instant matter, the "court must accept the allegations as true and must draw all reasonable inferences in the plaintiff's favor." *Romero v. Securus Technologies, Inc.*, 2016 WL 6157953, at 2 (S.D. Cal. Oct. 24, 2016) (quoting *Wolfe v. Strankman*, 392 F. 3d 358 (9th Cir. 2004).)  However, as the federal courts are of limited jurisdiction, the burden of proving that an action lies within this limited jurisdiction "rests upon the party asserting jurisdiction," which in the present case is the Plaintiff.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (*see also McNutt v. General Motors Acceptance Corp*, 298 U.S. 178, 182-183 (1936).)

### 2. Sovereign Immunity:

The concept of sovereign immunity, which the Supreme Court has characterized as an "axiom of our jurisprudence," is the idea that the United States cannot be sued unless it has specifically consented. *Price v. United States*, 174 U.S. 373, 375-76 (1899).  The presence of such consent is a

"prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206 (1983) (*see also United States v. Sherwood*, 312 U.S. 584, 586 (1941).) For the United States to consent to suit, a waiver of sovereign immunity must be unequivocally expressed by Congress, and any conditions Congress attaches to a waiver of sovereign immunity "must be strictly observed, and exceptions thereto are not to be lightly implied." *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983). Accordingly, one must examine the terms and extent of the consent itself to "define [the] court's jurisdiction to entertain the suit." *Mitchell*, 463 U.S. at 538.

### 3. Federal Tort Claims Act:

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) and 20 U.S.C. §§ 2671-2680, was first adopted by Congress in 1946. The purpose of the FTCA is to allow recovery for certain tort claimants who are the victims of governmental negligence where such claims would normally be barred by sovereign immunity. *E.g.*, *Indian Towing Co. v. United States*, 350 U.S. 61, 68-69 (1955); *Lehner v. United States*, 685 F.2d 1187, 1189 (9th Cir. 1982). The FTCA permits the exclusive remedy of money damages for suits involving the tortuous conduct, wrongful acts, or omissions of the employees or agents of the United States. 28 U.S.C. §2679(a) and (b).

The FTCA's waiver of sovereign immunity in tort actions is "subject to certain exceptions." *S.H. by Holt v. United States*, 2017 WL 1314939, at 3 (9th Cir. Apr. 10, 2017). However, the FTCA, as a limited waiver of sovereign immunity, "must be strictly construed in favor of the United States." *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) (*see also Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999)). The Supreme Court has cautioned against finding implied waivers of sovereign immunity and stated that such waivers must not be enlarged "beyond what the language requires." *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685-686 (1983). Here, it is the

Plaintiff who must bear the burden of showing such a waiver is "'unequivocally expressed' in the statutory text." *Hajro v. U.S. Citizenship & Immigration Servs.*, 811 F.3d 1086, 1101 (9th Cir. 2016) (quoting *Library of Congress v. Shaw*, 478 U.S. 310, 318 (1986)). Plaintiff must show that Congress consented to subject the United States government to suit pursuant to the FTCA under circumstances such as exist in the present case, and thus establish that this court has subject matter jurisdiction to hear the present case.

**B.    Exception for Federal Public Defenders Under FTCA's Definition of "Employee of the Government":**

With respect to the Federal Public Defender, 28 U.S.C. §2671 explains that an "employee of the government" is defined as "…(2) any officer or employee of a Federal public defender organization, except when such officer or employee performs professional services in the course of providing representation under section 3006A of title 18." As employees of a "Federal public defender organization," Defendant Federal Public Defender falls within the definition of "employee of the government" *unless* the exception applies. This exception was specifically added to the definition by amendment in 2000. *See* Federal Courts Improvement Act of 2000, PL 106-518, November 13, 2000, 114 Stat. 2410. For the exception to apply, the Federal Public Defender employee must have been performing professional services pursuant to representation under section 3006A.

   *1.    Appointment Made Pursuant to 18 U.S.C. §3006A:*

As discussed above, the appointment of Defendant Federal Public Defender as counsel to Plaintiff was made pursuant to 18 U.S.C. §3006A, as evidenced by the Order Appointing Counsel dated February 17, 2015. (Compl. at Ex. 1.) Additionally, the aforementioned order was issued under the same case number as the Plaintiff's preceding criminal conviction. It seems clear that the U.S. District Court for the Eastern District of California assigned the Federal

Public Defender to represent Plaintiff under the belief that it was acting pursuant to the authority of §3006A and that said representation was in connection to Plaintiff's original criminal case.

Plaintiff contends, however, that the Federal Public Defender could not have been representing him under §3006A, as he was not a "financially eligible 'criminal defendant'" at the time or representation. (ECF Doc. No. 19, Plaintiff's Opposition, at 10.) While Plaintiff admits to being indigent and thus "financially eligible," he argues that at the time he received and subsequently challenged the demand notice ordering him to pay restitution, he was not a criminal defendant, but rather a civil one. Id., at 12. His argument is that under the Federal Debt Collection Procedures Act ("FDCPA"), unpaid criminal restitution orders (a "judgment on a debt") are converted into civil judgments, as the statute provides solely for "civil procedures." 28 U.S.C. §3001(a)(1). Plaintiff's line of reasoning is as follows: if his criminal restitution order was converted into a civil judgment by way of the FDCPA, then, at the time of his representation, he must have been a "civil defendant" and §3006A could not have applied, thus rendering the exception under §2671 inapplicable and exposing the United States to liability.

Plaintiff's understanding of the FDCPA is incorrect. The Act does not convert a criminal restitution judgment into a civil one and subsequently transform a criminal defendant into a civil defendant. The purpose of the FDCPA is to "'create a comprehensive statutory framework for the collection of debts owed to the United States'…including criminal fines." *United States v. Coluccio*, 19 F.3d 1115, 1116 (6th Cir. 1994) (quoting H.R.Rep. No. 101-736, 101st Cong., 2d Sess. 23 (1990)). In the *Coluccio* case, the Government used a civil procedure to recover a fine "arising from a criminal proceeding," an act which "falls squarely within the purview of the FDCPA." Id., at 1116-7. In *United States v. Rostoff*, 956 F. Supp. 38 (D. Mass. 1997), a case Plaintiff cites in support of his argument, the court noted that the FDCPA provides "the

government with the express authority to enforce criminal fines by way of civil proceedings," and therefore a criminal fine is "properly subject to a lawsuit" under the FDCPA. 956 F.Supp. at 44. The FDCPA does not convert a criminal restitution judgment into a civil one (and certainly does not change the nature of a particular defendant), but rather merely allows for the utilization of a civil procedure to collect on a criminal debt.

Even if Plaintiff was correct as to his conversion argument, §3006A(c) would still allow Defendant Federal Public Defender to represent Plaintiff in "ancillary matters appropriate to the proceedings." That is precisely what the court did in Plaintiff's case. Whether the instant matter is classified as civil or criminal is "irrelevant" so long as it was "sufficiently related" to the original criminal case to be considered "an 'ancillary' proceeding for the purposes of 18 U.S.C. §3006A(c)." *United States v. Martinson*, 809 F.2d 1364, 1370 (9th Cir. 1987); *see United States v. Hayes*, 385 F.3d 1226, 1229 (9th Cir. 2004) (holding that after a criminal conviction was overturned, "wrongfully paid restitution could be sought without bringing a separate Tucker Act claim," a civil claim that was considered ancillary to the original criminal case); *see also Telink, Inc. v. United States*, 24 F.3d 42, 46 (9th Cir. 1994) (holding that a recovery of wrongly paid fines would be incident to overturning a criminal conviction, and a separate civil action to recover any paid fines was not necessary). In determining which matters are "ancillary," the Guide to Judiciary Policy ("Guide") explains that courts "should consider whether the matter…arose from, or [is the] same as or closely related to, the facts and circumstances surrounding the principal criminal charge."[1] The Guide also provides a non-exhaustive list of examples that would

---

[1] Criminal Justice Act Guidelines, Guide to Judiciary Policy, Vol. 7 Defender Services, Part A, Chapter 2, §210.20.30, available at: http://www.uscourts.gov/rules-policies/judiciary-policies/cja-guidelines/chapter-2-ss-210-representation-under-cja. *See also U.S. Commodity Futures Trading Comm'n*, No. 03-603-KI, 2004 WL 1305887, at 3 (D. Or. Feb. 24, 2004) (further explaining that the Guide sets out a non-inclusive list in which counsel may be assigned, and that they are not required to be initially assigned during the original criminal case).

qualify as "ancillary matters," which includes civil matters.

Given the restitution claim directly arose from the original criminal case and it is irrelevant whether it is civil or criminal in nature, the claim is within the meaning of "ancillary matters" for purposes of §3006A(c), and thus Defendant Federal Public Defender was properly assigned as Plaintiff's counsel under the authority of 18 U.S.C. §3006A.

### *2. Defendant Is Not an "Employee of the Government" for Purposes of FTCA:*

As previously explained, 28 U.S.C. §2671 specifically exempts "employees of a Federal public defender organization" providing "professional service" pursuant to representation under §3006A. This Court has determined that Defendant Federal Public Defender was undertaking representation pursuant to §3006A, and thus is exempt from §2671's definition of "employees of the Government." Plaintiff contends that the nature of the acts constituting an alleged breach of Defendant Federal Public Defender's duties to Plaintiff were "outside the scope of employment." (Plaintiff's Opposition, at 1.) However, as explained above, Defendant Federal Public Defender's representation of Plaintiff was clearly an "ancillary matter" to the original criminal case, and thus within the dominion of §3006A. Therefore, Defendant Federal Public Defender's alleged malpractice lies outside of the scope of the FTCA.

Notwithstanding the Court's determination that Defendant Federal Public Defender's representation of Plaintiff was undertaken pursuant to §3006A, Plaintiff's argument that acts or omissions made during the representation were "outside the scope of employment" lacks merit. Defendant United States correctly points out in its Reply (ECF Doc. 20, at 7) that if the representation was indeed "outside the scope of employment," the alleged negligence wouldn't have occurred *within* the scope of employment as required for the FTCA to apply. 28 U.S.C. §1346(b)(1). If the FTCA is inapplicable, then the United States has not

8

3:16-CV-02192-BTM-NLS

qualify as "ancillary matters," which includes civil matters.

Given the restitution claim directly arose from the original criminal case and it is irrelevant whether it is civil or criminal in nature, the claim is within the meaning of "ancillary matters" for purposes of §3006A(c), and thus Defendant Federal Public Defender was properly assigned as Plaintiff's counsel under the authority of 18 U.S.C. §3006A.

### *2. Defendant Is Not an "Employee of the Government" for Purposes of FTCA:*

As previously explained, 28 U.S.C. §2671 specifically exempts "employees of a Federal public defender organization" providing "professional service" pursuant to representation under §3006A. This Court has determined that Defendant Federal Public Defender was undertaking representation pursuant to §3006A, and thus is exempt from §2671's definition of "employees of the Government." Plaintiff contends that the nature of the acts constituting an alleged breach of Defendant Federal Public Defender's duties to Plaintiff were "outside the scope of employment." (Plaintiff's Opposition, at 1.) However, as explained above, Defendant Federal Public Defender's representation of Plaintiff was clearly an "ancillary matter" to the original criminal case, and thus within the dominion of §3006A. Therefore, Defendant Federal Public Defender's alleged malpractice lies outside of the scope of the FTCA.

Notwithstanding the Court's determination that Defendant Federal Public Defender's representation of Plaintiff was undertaken pursuant to §3006A, Plaintiff's argument that acts or omissions made during the representation were "outside the scope of employment" lacks merit. Defendant United States correctly points out in its Reply (ECF Doc. 20, at 7) that if the representation was indeed "outside the scope of employment," the alleged negligence wouldn't have occurred *within* the scope of employment as required for the FTCA to apply. 28 U.S.C. §1346(b)(1). If the FTCA is inapplicable, then the United States has not

waived its sovereign immunity, and Plaintiff thus has not carried his burden of proving this action lies within the limited jurisdiction of this Court.

**C.   Plaintiff's Suit Against Defendant United States is Barred:**

There is no waiver of sovereign immunity in this case, as the express terms of the FTCA were not met.  Without such a waiver, this Court has no jurisdiction to hear Plaintiff's case against the United States, and the suit is therefore barred for want of subject matter jurisdiction.

### III. CONCLUSION

For the reasons discussed above, Defendant United States' motion to dismiss pursuant to Rule 12(b)(1) is **GRANTED**.  The Court finds that this is a final decision as to Plaintiff's claims against the United States, *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956), and that there is no just reason for delay, Fed. R. Civ. P. 54(b).  Accordingly, the Clerk shall enter a final judgment dismissing the complaint against the United States with prejudice.

**IT IS SO ORDERED.**

Dated:  June 22, 2017

Barry Ted Moskowitz, Chief Judge
United States District Court