UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN HAMMER,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>FEDERAL PUBLIC DEFENDER ORGANIZATION OF THE EASTERN DISTRICT OF CALIFORNIA, DOES 1-50, and UNITED STATES OF AMERICA,<br><br>　　　　　　　Defendants. | Case No.: 3:16-CV-02192-BTM-NLS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

On August 30, 2016, Plaintiff Brian Hammer filed a complaint ("Complaint") against Defendants Federal Public Defenders Organization of the Eastern District of California, Does 1-50 ("Federal Public Defenders") and the United States of America ("United States"). Defendant Federal Public Defenders moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). (ECF No. 13.) For the reasons discussed below, Defendant Federal Public Defenders' motion is **GRANTED**.

## I. BACKGROUND

On or about March 31, 2003, Plaintiff was found guilty of mail and wire

fraud in the Eastern District of California, was subsequently sentenced to 36 months in prison, and ordered to pay restitution in the amount of $35,000. (ECF Nos. 1-2, Compl. ¶ 16.) However, Plaintiff contends that he should not have been required to pay any restitution because Plaintiff's father had previously settled with the victims in state court in May of 2002. Id. at ¶ 17. Plaintiff believes that the previous settlement was in "complete recompense" for his victim's losses and that the "related settlement offsets were incorrectly entered in the restitution sentencing table." (ECF No. 19, Reply in Response to Motion at 8.) Despite Plaintiff's belief, in August 2014 the U.S. Attorney's Office in the Eastern District of California sent Plaintiff a demand notice for $37,380. (Compl. ¶ 18). Plaintiff attempted three separate times to correct what he believed to be a "restitution error," but was unable to do so. Id. at ¶ 20. Plaintiff then contacted The Federal Public Defender's office seeking assistance in resolving the matter.

In February 2015, Magistrate Judge Carolyn K. Delaney appointed Defendant Federal Public Defenders to represent Plaintiff pursuant to 18 U.S.C. §3006A, and did so under Plaintiff's original case number. (Compl. at Ex. 1.) However, the Federal Public Defenders withdrew from representation four months later, claiming it could not "provide [Plaintiff] the assistance he desires." (Compl. at Ex. 2.) Plaintiff then initiated the present action against Defendants Federal Public Defender and the United States.

The core of Plaintiff's argument is Defendant Federal Public Defender negligently and incompetently represented Plaintiff in correcting the 2003 restitution order. (Compl. ¶¶ 22, 24.) Plaintiff contends that the Federal Public Defender "knowingly and willfully…failed to acknowledge their mistakes" made during the course of representation, and their actions are "in violation of their express and implied duties" pursuant to the legal services agreement and public policy. (Compl. ¶ 24.)

Both Defendants Federal Public Defender and the United States brought

separate motions to dismiss Plaintiff's Complaint. The Court now considers Defendant Federal Public Defender's motion to dismiss.

## II. DISCUSSION

**A.  Standards:**

### *1. FRCP 12(b)(6) – Failure to State a Claim:*

Rule 12(b)(6) provides a party may move to dismiss a complaint that "fail[s] to state a claim upon which relief can be granted." Fed.R.Civ.P.12(b)(6). While Federal Rule of Civil Procedure 8(a) may only require a "short and plain statement of the claim showing that the pleader is entitled to relief," to survive a Rule 12(b)(6) challenge a complaint must state a cognizable legal theory and "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Indeed, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" which would allow the "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This claim must assert "more than a sheer possibility that a defendant has acted unlawfully." Id.

In considering a Rule 12(b)(6) motion, the Court must look at the "complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007). While courts generally do not consider material beyond the pleadings in ruling on a 12(b)(6) motion, "[c]ertain written instruments attached to the pleadings may be considered," as well as non-attached documents which are incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Friedman v. AARP, Inc.*, 855 F.3d 1047,

1051 (9th Cir. 2017) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).  The Court may also take judicial notice of "matters of public record," provided the facts noticed are not reasonably disputed.  *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

### 2. Sovereign Immunity:

The concept of sovereign immunity, which the Supreme Court has characterized as an "axiom of our jurisprudence," is the idea that the United States cannot be sued unless it has specifically consented.  *Price v. United States*, 174 U.S. 373, 375-76 (1899).  The presence of such consent is a "prerequisite for jurisdiction."  *United States v. Mitchell*, 463 U.S. 206 (1983) (*see also United States v. Sherwood*, 312 U.S. 584, 586 (1941).)  For the United States to consent to suit, a waiver of sovereign immunity must be unequivocally expressed by Congress, and any conditions Congress attaches to a waiver of sovereign immunity "must be strictly observed, and exceptions thereto are not to be lightly implied."  *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983).  Accordingly, one must examine the terms and extent of the consent itself to "define [the] court's jurisdiction to entertain the suit."  *Mitchell*, 463 U.S. at 538.

### 3. Federal Tort Claims Act:

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) and 20 U.S.C. §§ 2671-2680, was first adopted by Congress in 1946.  The purpose of the FTCA is to allow recovery for certain tort claimants who are the victims of governmental negligence where such claims would normally be barred by sovereign immunity.  *E.g.*, *Indian Towing Co. v. United States*, 350 U.S. 61, 68-69 (1955); *Lehner v. United States*, 685 F.2d 1187, 1189 (9th Cir. 1982).  The FTCA permits the exclusive remedy of money damages for suits involving the tortuous conduct, wrongful acts, or omissions of the employees or agents of the United States.  28 U.S.C. §2679(a) and (b).

The FTCA's waiver of sovereign immunity in tort actions is "subject to certain exceptions." *S.H. by Holt v. United States*, 2017 WL 1314939, at 3 (9th Cir. Apr. 10, 2017). However, the FTCA, as a limited waiver of sovereign immunity, "must be strictly construed in favor of the United States." *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) (*see also Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999)). The Supreme Court has cautioned against finding implied waivers of sovereign immunity and stated that such waivers must not be enlarged "beyond what the language requires." *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685-686 (1983). Here, it is the Plaintiff who must bear the burden of showing such a waiver is "'unequivocally expressed' in the statutory text." *Hajro v. U.S. Citizenship & Immigration Servs.*, 811 F.3d 1086, 1101 (9th Cir. 2016) (quoting *Library of Congress v. Shaw*, 478 U.S. 310, 318 (1986)). Plaintiff must show that Congress consented to subject the United States government to suit pursuant to the FTCA under circumstances such as exist in the present case, and thus establish that this court has subject matter jurisdiction to hear the present case.

**B.  Exception for Federal Public Defender Under FTCA's Definition of "Employee of the Government":**

With respect to the Federal Public Defender, 28 U.S.C. §2671 explains that an "employee of the government" is defined as "…(2) any officer or employee of a Federal public defender organization, except when such officer or employee performs professional services in the course of providing representation under section 3006A of title 18." As employees of a "Federal public defender organization," Defendant Federal Public Defender falls within the definition of "employee of the government" *unless* the exception applies. This exception was specifically added to the definition by amendment in 2000. *See* Federal Courts Improvement Act of 2000, PL 106-518, November 13, 2000, 114 Stat. 2410. For the exception to apply, the Federal Public Defender employee must have been

performing professional services pursuant to representation under section 3006A.

### 1. *Appointment Made Pursuant to 18 U.S.C. §3006A:*

As discussed above, the appointment of Defendant Federal Public Defender as counsel to Plaintiff was made pursuant to 18 U.S.C. §3006A, as evidenced by the Order Appointing Counsel dated February 17, 2015. (Compl. at Ex. 1.) Additionally, the aforementioned order was issued under the same case number as the Plaintiff's preceding criminal conviction. It seems clear that the U.S. District Court for the Eastern District of California assigned the Federal Public Defender to represent Plaintiff under the belief that it was acting pursuant to the authority of §3006A and that said representation was in connection to Plaintiff's original criminal case.

Plaintiff contends, however, that the Federal Public Defender could not have been representing him under §3006A, as he was not a "financially eligible 'criminal defendant'" at the time or representation. (ECF Doc. No. 19, Plaintiff's Opposition, at 10.) While Plaintiff admits to being indigent and thus "financially eligible," he argues that at the time he received and subsequently challenged the demand notice ordering him to pay restitution, he was not a criminal defendant, but rather a civil one. Id., at 12. His argument is that under the Federal Debt Collection Procedures Act ("FDCPA"), unpaid criminal restitution orders (a "judgment on a debt") are converted into civil judgments, as the statute provides solely for "civil procedures." 28 U.S.C. §3001(a)(1). Plaintiff's line of reasoning is as follows: if his criminal restitution order was converted into a civil judgment by way of the FDCPA, then, at the time of his representation, he must have been a "civil defendant" and §3006A could not have applied, thus rendering the exception under §2671 inapplicable and exposing the United States to liability.

Plaintiff's understanding of the FDCPA is incorrect. The Act does not convert a criminal restitution judgment into a civil one and subsequently

transform a criminal defendant into a civil defendant.  The purpose of the FDCPA is to "'create a comprehensive statutory framework for the collection of debts owed to the United States'…including criminal fines." *United States v. Coluccio*, 19 F.3d 1115, 1116 (6th Cir. 1994) (quoting H.R.Rep. No. 101-736, 101st Cong., 2d Sess. 23 (1990)).  In the *Coluccio* case, the Government used a civil procedure to recover a fine "arising from a criminal proceeding," an act which "falls squarely within the purview of the FDCPA." Id., at 1116-7.   In *United States v. Rostoff*, 956 F. Supp. 38 (D. Mass. 1997), a case Plaintiff cites in support of his argument, the court noted that the FDCPA provides "the government with the express authority to enforce criminal fines by way of civil proceedings," and therefore a criminal fine is "properly subject to a lawsuit" under the FDCPA.  956 F.Supp. at 44.  The FDCPA does not convert a criminal restitution judgment into a civil one (and certainly does not change the nature of a particular defendant), but rather merely allows for the utilization of a civil procedure to collect on a criminal debt.

Even if Plaintiff was correct as to his conversion argument, §3006A(c) would still allow Defendant Federal Public Defender to represent Plaintiff in "ancillary matters appropriate to the proceedings."  That is precisely what the court did in Plaintiff's case.  Whether the instant matter is classified as civil or criminal is "irrelevant" so long as it was "sufficiently related" to the original criminal case to be considered "an 'ancillary' proceeding for the purposes of 18 U.S.C. §3006A(c)." *United States v. Martinson*, 809 F.2d 1364, 1370 (9th Cir. 1987); *see United States v. Hayes*, 385 F.3d 1226, 1229 (9th Cir. 2004) (holding that after a criminal conviction was overturned, "wrongfully paid restitution could be sought without bringing a separate Tucker Act claim," a civil claim that was considered ancillary to the original criminal case);  *see also Telink, Inc. v. United States*, 24 F.3d 42, 46 (9th Cir. 1994) (holding that a recovery of wrongly paid fines would be incident to overturning a criminal conviction, and a separate civil

7
3:16-CV-02192-BTM-NLS

action to recover any paid fines was not necessary). In determining which matters are "ancillary," the Guide to Judiciary Policy ("Guide") explains that courts "should consider whether the matter…arose from, or [is the] same as or closely related to, the facts and circumstances surrounding the principal criminal charge."[1] The Guide also provides a non-exhaustive list of examples that would qualify as "ancillary matters," which includes civil matters.

Given the restitution claim directly arose from the original criminal case and it is irrelevant whether it is civil or criminal in nature, the claim is within the meaning of "ancillary matters" for purposes of §3006A(c), and thus Defendant Federal Public Defender was properly assigned as Plaintiff's counsel under the authority of 18 U.S.C. §3006A.

### *2. Defendant Is Not an "Employee of the Government" for Purposes of FTCA:*

As previously explained, 28 U.S.C. §2671 specifically exempts "employees of a Federal public defender organization" providing "professional service" pursuant to representation under §3006A. This Court has determined that Defendant Federal Public Defender was undertaking representation pursuant to §3006A, and thus is exempt from §2671's definition of "employees of the Government." Plaintiff contends that the nature of the acts constituting an alleged breach of Defendant Federal Public Defender's duties to Plaintiff were "outside the scope of employment." (Plaintiff's Opposition, at 1.) However, as explained above, Defendant Federal Public Defender's representation of Plaintiff was clearly an "ancillary matter" to the original criminal case, and thus within the dominion of §3006A. Therefore, Defendant Federal Public Defender's alleged

---

[1] Criminal Justice Act Guidelines, Guide to Judiciary Policy, Vol. 7 Defender Services, Part A, Chapter 2, §210.20.30, available at: http://www.uscourts.gov/rules-policies/judiciary-policies/cja-guidelines/chapter-2-ss-210-representation-under-cja. *See also U.S. Commodity Futures Trading Comm'n*, No. 03-603-KI, 2004 WL 1305887, at 3 (D. Or. Feb. 24, 2004) (further explaining that the Guide sets out a non-inclusive list in which counsel may be assigned, and that they are not required to be initially assigned during the original criminal case).

1 malpractice lies outside of the scope of the FTCA.

**C. Plaintiff's Argument That Acts/Omissions Made During Representation Are "Outside the Scope of Employment" Lacks Merit:**

Notwithstanding the Court's determination that Defendant Federal Public Defender's representation of Plaintiff was undertaken pursuant to §3006A, Plaintiff's argument that acts or omissions made during the representation were "outside the scope of employment" lacks merit. Defendant United States correctly points out in its Reply (ECF Doc. 20, at 7) that if the representation was indeed "outside the scope of employment," the alleged negligence wouldn't have occurred *within* the scope of employment as required for the FTCA to apply. 28 U.S.C. §1346(b)(1). If the FTCA is inapplicable, then the United States has not waived its sovereign immunity. The Federal Public Defender Organization of the Eastern District of California is a federal entity constituted under the Criminal Justice Act and supervised by the Administrative Office of the United States Courts. 18 U.S.C. §3006A(g).[2] While Congress has waived sovereign immunity as to certain federal entities "from the times of their inception by including in the enabling legislation provisions that they may sue and be sued," *Loeffler v. Frank*, 486 U.S. 549, 554 (1988), the Federal Public Defender Organization is not one such entity, as no such "sue-and-be-sued" provision applies to them. Therefore, Plaintiff has not shown that sovereign immunity has been waived, and thus has not carried his burden of proving this action lies within the limited jurisdiction of this Court.

**D. Plaintiff Has Not Shown Defendant Federal Public Defender Committed Malpractice:**

Plaintiff's suit against Defendant Federal Public Defender cannot proceed

---

[2] *See also* United States District Court for the Eastern District of California General Order No. 42, and the U.S. Courts website, which states that Federal Public Defender Organizations are "federal entities, and their staffs are federal employees," available at http://www.uscourts.gov/services-forms/defender-services.

under the FTCA for the reasons discussed previously, but even if it were allowed to proceed, it would fail because Plaintiff has not shown that Defendant's actions in any way injured him. Plaintiff sought to correct what he believed to be an error in the restitution order due to his belief that his father's negotiated civil settlement was in "complete recompense" for his victim's losses. (ECF No. 19, at 8.) However in Plaintiff's case modification of the restitution order was not possible, and Plaintiff has not shown he was actually harmed as a result of Defendant's representation.

### 1. Relief Plaintiff Sought Was Unattainable:

The restitution order is a final judgment, and "[u]ltimately only the court – rather than the victim or the defendant – can impose or modify the defendant's sentence." *United States v. Hankins*, No. 15-30345, 2017 WL 2434718, at 3 (9th Cir. June 6, 2017). A restitution order is a criminal sentence, and cannot be modified through private settlement, as "[p]rivate parties cannot simply agree to waive the application of a criminal statute." Id., at 3 (quoting *United States v. Savoie*, 985 F.2d 612, 619 (1st Cir. 1993). The Ninth Circuit further explains taking restitution "out of the hand of the criminal justice system and leaving it up to private parities" is against public policy would create a "serious risk that defendants could coerce victims into settling or that defendants and victims would collude on settlements." Id., at 4. The Mandatory Victim Restitution Act ("MVRA"), which mandates restitution to victims of offenses of "fraud or deceit," states that in "no case shall the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source be considered in determining the amount of restitution." 18 U.S.C. §3664. Under the MVRA, "restitution is mandatory…and cannot be waived by a prior civil settlement." *United States v. Edwards*, 595 F.3d 1004, 1014 (9th Cir. 2010). Nothing Plaintiff's father did in his negotiated settlement with Plaintiff's victims had any bearing on whether the restitution amount owed by Plaintiff should be

10

3:16-CV-02192-BTM-NLS

reduced or otherwise vacated.

The restitution order could only be modified by the court, and the "district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Bedonie*, 413 F.3d 1126, 1129 (10th Cir. 2005) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)). The Ninth Circuit has held that a "district court does not have inherent power to resentence defendants at any time. It's authority to do so must flow from either the court of appeals mandate under 28 U.S.C. §2106 (1982) or from Federal Rule of Criminal Procedure 35." *United States v. Lewis*, 862 F.2d 748, 750 (9th Cir. 1988) (quoting *United States v. Minor*, 846 F.2d 1184, 1187 (9th Cir. 1988)). In the present matter, there is no mandate issued by the court of appeals, nor has Plaintiff shown there is a need to correct his sentence as a result of "arithmetical, technical, or other clear error" or reduce the sentence based on substantial assistance. Fed. R. Crim. P. 35.

Plaintiff contends that there were three ways the Federal Public Defender Office could have modified the restitution orders (Plaintiff's Opp'n, ECF No. 18 at 22-23). The first is to seek a reduction in the restitution amount pursuant to 18 U.S.C. §3573, but the wording of this statute shows that it only applies when the *Government's* "reasonable efforts to collect a fine or assessment are not likely to be effective." 18 U.S.C. §3573. This section provides that "*only* the government [is authorized] to petition the court to stay payment of a fine." *United States v. Hardy*, 935 F.2d 276 (9th Cir. 1991) (emphasis added). Second, Plaintiff states Defendant could have sought to modify the amount under 18 U.S.C. §3664(k). However, this section operates solely to "adjust the payment schedule, or require immediate payment in full" if there is a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution," rather than to reduce or excuse the restitution amount. 18 U.S.C. §3664(k). Even assuming Plaintiff could show a material change in his economic

1 circumstances, he would still be required to pay the entire restitution amount,
2 albeit on an adjusted pay schedule.
3       Finally, Plaintiff argues Defendant could have filed a petition for a *writ of*
4 *coram nobis* to correct or otherwise vacate the restitution order, in the hope that
5 a different result would have occurred had the petition been filed by the
6 Defendant rather than Plaintiff in pro se. Plaintiff had filed a petition for a *writ of*
7 *coram nobis* on October 6, 2015, but the court denied Hammer's petition, stating
8 he had "not shown that the alleged miscalculation of restitution is an error of the
9 most fundamental character." (ECF No. 14, Declaration of Michael C. Wood in
10 support of Motion to Dismiss and Request for Judicial Notice, at 95) (internal
11 quotations and citations omitted.) Plaintiff posits that "[p]erhaps the court would
12 have ruled differently had the Defendant [Federal Public Defender] filed the
13 motion, instead of Plaintiff in pro se?" (ECF No. 18 at 30.) The purpose of a *writ*
14 *of coram nobis* is to "correct errors of fact" *United States v. Morgan*, 346 U.S.
15 502, 507 (1954). It is a "highly unusual remedy, available only to correct grave
16 injustices," and defendant is required to show: "(1) a more usual remedy is not
17 available; (2) valid reasons exist for not attacking the conviction earlier; (3)
18 adverse consequences exist from the conviction sufficient to satisfy the case or
19 controversy requirement…; and (4) the error is of the most fundamental
20 character." *United States v. Chan*, 792 F.3d 1151, 1153 (9th Cir. 2015) (quoting
21 *United States v. Riedl*, 496 F.3d 1003, 1005 (9th Cir. 2007)). All the foregoing
22 requirements must be met to qualify for *coram nobis* relief. *See Kovacs v. United*
23 *States*, No. CR 2:10-437 WBS, 2017 WL 1153014, at 3 (E.D. Cal. Mar. 27, 2017)
24 (quoting *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002). There
25 is nothing in the record to indicate that district court erred in denying Hammer
26 *coram nobis* relief, nor is there any reason to believe that the court's holding
27 would have been different had Defendant Federal Public Defender filed the
28 petition for the writ.

Plaintiff has not shown that there was anything Defendant Federal Public Defender could have done to modify the restitution order, and from the record it appears Defendant was accurate in advising Plaintiff that the relief he sought was unattainable.

### 2. *Plaintiff Cannot Show He Was Harmed:*

As there is no merit to Plaintiff's argument that the restitution amount was in error, Defendant Federal Public Defender could not have harmed Plaintiff by not arguing it. *See Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982); *see also People v. Pierce*, 234 Cal. App. 4th 1334, 1337 (2015) ("Failure to raise a meritless objection is not ineffective assistance of counsel"). There is "no obligation [for counsel] to raise meritless claims." *Acha v. United States*, 910 F.2d 28, 32 (1st Cir. 1990). In fact Defendant could have caused harm and been held liable for pursuing a claim known to lack merit. *See Zamos v. Stroud*, 32 Cal. 4th 958, 969 (2004) ("Continuing an action one discovers to be baseless harms the defendant and burdens the court system just as much as initiating an action known to be baseless from the outset"). From the record it appears that Defendant Federal Public Defender correctly assessed Plaintiff's case, reasonably determined that the relief Plaintiff sought was unobtainable, chose not to bring a meritless claim before the court, and withdrew from representing Plaintiff as a result. Plaintiff has not carried the burden of showing he was harmed by Defendant's representation.

If Plaintiff cannot show harm, then his suit against Defendant Federal Public Defender cannot proceed. Though the FTCA is not an available vehicle for Plaintiff in this case, even if it is assumed it applied for the sake of argument, Plaintiff must still show Defendant's negligence constituted malpractice. *See* 18 U.S.C. §1346(b). In civil malpractice cases, for a plaintiff to establish the defendant's actions or omissions amounted to malpractice, he or she must demonstrate all the elements of a negligence cause of action, to include "actual

loss or damage." *Wolk v. Green*, 516 F. Supp. 2d 1121, 1129 (N.D. Cal. 2007). Based on the facts alleged by Plaintiff, even if his suit were allowed to proceed under the FTCA (which it is not), he would not prevail as no actual harm can be shown.

**E.** **Plaintiff's Suit Against Defendant Federal Public Defender is Barred:**

There is no waiver of sovereign immunity in this case, as the express terms of the FTCA were not met. Without such a waiver, this Court has no jurisdiction to hear Plaintiff's case against the Defendant, and the suit is therefore barred for want of subject matter jurisdiction. Furthermore, even if Plaintiff's suit could proceed under the FTCA, Plaintiff has not alleged sufficient facts to show harm caused by Defendant's actions or omissions.

**F.** **Venue**

The Court does not reach the matter of venue as the issue is made moot by this order.

### III. CONCLUSION

For the reasons discussed above, Defendant Federal Public Defender's motion to dismiss pursuant to Rule 12(b)(6) is **GRANTED**. The Clerk shall enter a final judgment dismissing this case.

**IT IS SO ORDERED.**

Dated: August 2, 2017

Barry Ted Moskowitz, Chief Judge
United States District Court